IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RAYMOND PAUL MALLIARD,          )
                                )
        Plaintiff,               )
                                )
    vs.                          )   Civil Action No. 17-157-E
                                )
NANCY A. BERRYHILL, ACTING      )
COMMISSIONER OF SOCIAL SECURITY,)
                                )
        Defendant.              )

O R D E R

AND NOW, this 20th day of September 2018, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 14) filed in the above-captioned matter on November 30, 2017,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 10) filed in the above-captioned matter on September 13, 2017,

IT IS HEREBY ORDERED that said Motion is GRANTED IN PART and DENIED IN PART. It is GRANTED to the extent that it seeks remand to the Commissioner of Social Security ("Commissioner") for further consideration and DENIED in all other respects. Accordingly, this matter is hereby remanded to the Commissioner for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

Pursuant to 42 U.S.C. § 405(g), when judicial review of a Social Security decision is sought, the Commissioner must file with its answer a certified copy of the transcript of the record, including the evidence upon which the decision being challenged was based. Evidence

that was not before the ALJ cannot be considered by a district court in its determination of whether or not the ALJ's decision was supported by substantial evidence, even if it was submitted to the Appeals Council. See Matthews v. Apfel, 239 F.3d 589, 594 (3d Cir. 2001); Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 360 (3d Cir. 2011). Likewise, if material information from the administrative proceedings is omitted from the transcript when filed before the district court, it prevents meaningful judicial review and warrants a remand. See Hippensteel v. Soc. Sec. Admin., 302 F. Supp. 2d 382, 387-89 (M.D. Pa. 2001). Because it is very unclear in this case whether the reproduced record is identical to the record upon which the ALJ relied in reaching his conclusions, the Court finds that meaningful judicial review is impossible and, accordingly, remand is warranted.

In order to understand exactly why the state of the record that was before the ALJ is so unclear here, it is helpful to briefly review this case's procedural history. On December 27-28, 2012, Plaintiff Raymond Paul Malliard protectively filed a claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401 et seq., and a claim for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq. After being denied initially, Plaintiff filed a request for a hearing, and an administrative law judge ("ALJ") held a hearing on August 13, 2014. (R. 558-600). At the hearing, Plaintiff's attorney questioned whether certain medical records that he had sent had been made part of the record, but the matter was not resolved at the hearing. (R. 564-66). Furthermore, when the ALJ issued his unfavorable decision on September 16, 2014, Plaintiff explains that the attached "List of Exhibits" stated, oddly enough, "No Documents." (Doc. No. 11-1, at 10). Thus, it remained unclear at that time whether all of Plaintiff's medical records had been incorporated into the record and whether all such records had been considered by the ALJ in making his determination.

Regardless, on November 3, 2014, Plaintiff requested review of the ALJ's decision. (R. 75-82). On May 14, 2016, the Appeals Council sent a letter to Plaintiff's attorney's office explaining that, although the Appeals Council had a record of Plaintiff's attorney filing a request for review, they could not locate any correspondence regarding that request. (R. 71-72). Therefore, on May 16, 2016, Plaintiff's counsel resubmitted the appeal request. (R. 75-84). Then, on October 24, 2016, the Appeals Council issued an order remanding the case to an ALJ explaining that it "was unable to take action on the claimant's request for review because the record upon which the [ALJ] based the decision could not be located." (R. 58-59). The order further indicated that the Appeals Council was unable to determine whether the decision was supported by substantial evidence, and found that "the claimant should have the opportunity for a new hearing and decision on the issues raised by application." (R. 58).

Plaintiff asserts that between November 29, 2016 and December 1, 2016, his attorney submitted numerous documents to the Agency to support the case on remand. (Doc. No. 11, at 4; R. 157-382). On March 15, 2017, however, the Appeals Council issued an order vacating its prior order of remand, stating that "[s]ubsequent to the remand, the missing recording and claims file were located and associated with the record, which is now complete." (R. 7-10). Plaintiff contends that neither he nor his attorney received the notice or order vacating the Appeals Council's remand.[1] Plaintiff also notes that many of the documents in the reproduced record appear to contain a fax transmission date of December 1, 2016, suggesting that the record may have been recreated from his attorney's faxed documents, and is thus not necessarily a true and

---

[1] In support of his claim that he never received such notice, Plaintiff cites a Social Security Administration Emergency Message indicating that there were problems with due process notices being received between September 2016 and March 2017. (Doc. No. 11-2).

correct copy of the actual record that the ALJ considered.  In any event, on April 24, 2017, the Appeals Council denied Mr. Malliard's request for review of the ALJ's decision.  (R. 4-6).

Quite simply, after all of the confusion regarding missing documents in this case, it is not clear to the Court whether the reproduced record is the same record upon which the ALJ relied. Most notably, it is not clear whether the documents that Plaintiff's attorney asked about at the hearing—the opinion of Plaintiff's treating physician, Amy Miles, D.O., along with the relevant treatment notes—made their way into the record.  In addressing the issue of whether such documents had been made part of the record, the ALJ himself stated at the hearing, "We have some stuff in here, I have no idea whether it went into the record or not." (R. 566).  Later, when the ALJ issued his decision, the accompanying list of exhibits stated "No Documents," so it was still unknown at that point whether Dr. Miles' opinion and all of the accompanying documents had been made part of the record and had been considered by the ALJ.

Moreover, the Court notes that the ALJ's decision and the record itself contain various irregularities.  For example, the ALJ referred in his decision to an opinion by Dr. Miles, but in doing so he cited to Exhibit 11F.  (R. 53).  Dr. Miles' opinion is actually located in Exhibit 14F in the reproduced record, not in 11F.  (R. 553-57).  Exhibit 11F instead contains UPMC Neurology records.  (R. 460-66).  The records in Exhibit 11F also appear to be duplicated in Exhibit 12F.  (R. 467-72).  Furthermore, as discussed, supra, although the ALJ stated that he had reviewed the treatment records of Dr. Miles (and had found her opinion to be inconsistent with those treatment notes), it is not clear whether all of the accompanying documents had been made part of the record and had thus been available for the ALJ to review.  Finally, although the reproduced record is supposed to "constitute a full and accurate transcript of the entire record of

proceedings relating to this case," the "List of Exhibits" indicating that there were "No Documents" is missing from the reproduced record. (Doc. No. 11-1, at 10).

The Court notes that such mistakes might ordinarily be considered harmless typographical or photocopying errors. In light of the background of this case, however—including the lost letter requesting review, the lost (and then recovered) record, and the remand followed by the order vacating remand—the Court finds that it cannot with confidence conduct a review the ALJ's decision at this juncture. It is simply unclear precisely what evidence was before the ALJ when he considered the case and, thus, the Court cannot be sure that the ALJ reviewed all relevant available evidence in making his determination. Since evidence that was not before the ALJ cannot be considered by a district court in its determination of whether or not the ALJ's decision was supported by substantial evidence, the Court cannot determine in this case whether the ALJ's decision was supported by substantial evidence. See Matthews v. Apfel, 239 F.3d 589, 594 (3d Cir. 2001); Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 360 (3d Cir. 2011).

Moreover, the Court notes that the confusion surrounding the composition of the record is particularly relevant because the opinion of Dr. Miles, referred to, supra, was a treating medical source evaluation indicating that Plaintiff had significant limitations, and Plaintiff placed significant reliance on that opinion in presenting his case. (R. 554-57). The ALJ, however, ultimately gave the opinion of Dr. Miles only little weight because he found it to be inconsistent with "the medical evidence of record, the residual functional capacity, or her own treatment notes." (R. 53). Again, since the Court is not confident that the ALJ had Plaintiff's entire medical record—particularly all of Dr. Miles' treatment notes—before him when he made his

determination, the Court cannot meaningfully review whether the ALJ's decision was supported by substantial evidence.

There is no good reason for the Court to adjudicate this matter based on such an untrustworthy record. Accordingly, this case must be remanded to clarify the record, and to assure that the case is decided by the ALJ based on a full and complete record.

s/ Alan N. Bloch<br>United States District Judge

ecf: Counsel of record